# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| MICHAEL F. LAFORGE, <br><br> Plaintiff, <br><br> vs. <br><br> JANICE GETS DOWN, NATASHA J. MORTON, LEROY NOT AFRAID, SHEILA WILKINSON NOT AFRAID, <br><br> Defendants. | CV-17-48-BLG-BMM-TJC <br><br><br> **ORDER** |

Plaintiff Michael LaForge, proceeding pro se, filed his Complaint on May 5, 2017, seeking relief against defendants for a divorce decree entered by the Crow Tribal Court in and for the Crow Indian Reservation. The divorce decree divides property between LaForge and his ex-wife, Defendant Janice Gets Down. Defendant Natasha Morton served as attorney for Gets Down in the underlying divorce action.

Morton filed a motion to dismiss for failure to state a claim (Doc. 11) and motion to dismiss for lack of prosecution (Doc. 16). Leroy Not Afraid and Sheila Wilkinson Not Afraid (collectively "Judicial Defendants") serve as Crow Tribal

1

Court Judges. Judicial Defendants filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim (Doc. 20).

United States Magistrate Judge Timothy Cavan entered Findings and Recommendations in this matter on December 28, 2017. (Doc. 30.) Judicial Defendants timely filed an objection on January 11, 2018. (Doc. 31.) The Court reviews *de novo* Findings and Recommendations to which a party timely objects. 28 U.S.C. § 636(b)(1). The Court reviews for clear error portions of Judge Cavan's Findings and Recommendations to which a party did not specifically object. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

## I. Claims Against Morton

Judge Cavan determined that LaForge's Complaint does not identify any particular civil or constitutional rights violation. Judge Cavan further determined that LaForge's Complaint fails to indicate how Morton violated LaForge's civil rights. In order to state a claim for damages under 42 U.S.C. § 1983, a complaint must allege that (1) a person acting under the color of state law committed the conduct complained of, and (2) this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981) (overruled on other grounds). Judge Cavan correctly determined that Morton, serving as counsel for a private party, never

acted under the color of state or federal law. (Doc. 30 at 10.) LaForge cannot assert a § 1983 claim against Morton.

Judge Cavan determined that LaForge's Complaint fails to identify how Morton violated any particular "Disability Act." The Ninth Circuit has foreclosed suits under Title II of the American with Disabilities Act against individual defendants in their individual capacities. *Bohnert v. Mitchell*, 2010 WL 4269569, *5-6 (D. Ariz. 2010). Morton has no connection to Crow Tribal Court other than being an attorney. Judge Cavan correctly determined that LaForge has sued Morton in her individual capacity. (Doc. 30 at 11.) Morton does not remain subject to suit under the American with Disabilities Act.

Judge Cavan further determined that there exists no conceivable private right of action that may arise from a treaty against a private attorney in a tribal court divorce action. *Id.* at 13. The Court agrees. LaForge's Complaint sheds no light on the possible basis for the claim. Any claim that LaForge intends to assert against Morton based on "treaty rights" will be dismissed.

## II. Claims Against Judicial Defendants

Judge Cavan determined that judicial immunity and sovereign immunity bar LaForge's allegations against Judicial Defendants. *Id.* at 14. Tribal Court judges remain absolutely immune from suit, in their individual capacities, for acts performed in their judicial capacities under the doctrine of judicial immunity.

*Ferguson v. U.S. Dist. Court*, 2009 WL 2423440, *1 (D. Mont. 2009). Judge Cavan correctly determined that Judicial Defendants remain immune from the instant lawsuit.

Judge Cavan likewise determined that the Tribe's sovereign immunity bars claims that LaForge brings against Judicial Defendants in their official capacities. (Doc. 30 at 15.) Indian tribes are not considered states, or part of the federal government, or a subdivision of either. *Nat'l Labor Relations Bd. v. Pueblo of San Juan*, 276 F.3d 1186, 1192 (10th Cir. 2002) (en banc). Indian tribes, tribal entities, and persons acting on the Tribe's behalf in an official capacity enjoy sovereign immunity against suit unless Congress expressly authorizes the suit or the tribe has waived sovereign immunity. *Kiowa Tribe of Oklahoma v. Mfg. Techs.*, Inc., 523 U.S. 751, 754 (1998) (tribe); *Allen v. Gold Country Casino*, 464 F.3d 1044, 1046 (9th Cir. 2006) (tribal entity); *Hardin v. White Mountain Apache Tribe*, 779 F.2d 476, 479-80 (9th Cir. 1985 (tribal officials). LaForge does not argue that the Crow Tribe has waived sovereign immunity for his claims. Congress has not expressly authorized such private rights of action against the Crow Tribe. (Doc. 30 at 16.) The Crow Tribe's sovereign immunity bars LaForge's claims against Judicial Defendants in their official capacities.

Judicial Defendants object to Judge Cavan's recommendation that the Judicial Defendants' motion to dismiss be granted without prejudice. Judicial

4

Defendants argue that they remain absolutely immune from suit. (Doc. 31 at 2.) Judicial Defendants argue that their motion to dismiss should be granted with prejudice and without leave to amend. *Id.* Judicial Defendants further argue that no set of facts that LaForge "could plead would surmount Judicial Defendants' judicial immunity and tribal sovereign immunity" as they pertain to LaForge's claims. *Id.* at 3. The Court agrees.

Any amendment of LaForge's Complaint would be futile concerning Judicial Defendants. LaForge's claims against Judicial Defendants arise from the underlying divorce action. Judicial Defendants made decisions in that proceeding while acting in their judicial capacities. Judicial Defendants further enjoy tribal sovereign immunity. The Crow Tribe's sovereign immunity covers its judicial branch, the Crow Tribal Court, as well as the judges of that court acting in their official capacity. *See Cook v. AVI Casino Enters., Inc.*, 548 F.3d 718, 727 (9th Cir. 2008). Judicial Defendants should be dismissed with prejudice.

### III. LaForge's Motions

Courts have an obligation where the petitioner files pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Judge Cavan determined that when construing LaForge's motions (Docs. 13, 14, 24) liberally, LaForge appears to be supplementing his Complaint. Judge Cavan

5

determined that motions should be granted. (Doc. 30 at 17.) The Court warns LaForge, however, that failure to correct the deficiencies identified in Judge Cavan's Findings and Recommendations in any amended pleadings will result in dismissal with prejudice of the remainder of his claims.

IV. Conclusion

The Court has reviewed *de novo* Judge Cavan's Findings and Recommendations regarding the judicial immunity and tribal sovereign immunity of Judicial Defendants. The Court has reviewed for clear error the remaining portions of Judge Cavan's Findings and Recommendations. The Court will adopt in part, and, reject in part, Judge Cavan's Findings and Recommendations.

**IT IS ORDERED** that Judge Cavan's Findings and Recommendations (Doc. 30), are **ADOPTED IN PART AND REJECTED IN PART**.

**IT IS ORDERED** that LaForge's Motion to Submit Support of Pleading Evidence (Doc. 13), Motion to File Exhibits (Doc. 14), and Motion for Prayer for Relief (Doc. 24) are construed as motions to amend LaForge's Complaint. These motions are **GRANTED**.

**IT IS ORDERED** that Defendant Natasha Morton's Motion to Dismiss for Failure to State a Claim (Doc. 11) is **GRANTED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**.

**IT IS ORDERED** that Judicial Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 20) is **GRANTED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND**.

**IT IS FURTHER ORDERED** that Defendant Natasha Morton's Motion to Dismiss for Failure to Prosecute (Doc. 16) is **DENIED** as moot.

DATED this 8th day of February, 2018.

/s/ Brian Morris
Brian Morris
United States District Court Judge