IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MICHAEL F. LAFORGE,<br><br>                     Plaintiff,<br><br>vs.<br><br>JANICE GETS DOWN, NATASHA J. MORTON, LEROY NOT AFRAID, SHEILA WILKINSON NOT AFRAID,<br><br>                     Defendants. | CV 17-48-BLG-BMM-TJC<br><br><br>**FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Before the Court is Plaintiff Michael LaForge's ("LaForge") Motion to File Evidence (the "Motion") (Doc. 32). After fully considering the Motion, the Court makes the following findings and recommendations.

## I.    Pertinent Facts

LaForge, proceeding *pro se*, filed his original complaint on May 5, 2017, seeking relief against defendants for a "judgment of property" occurring July 12, 2016, which LaForge describes as "[r]emoving my home (modular home) from my trust land." (Doc. 9 at 7.) U.S. District Judge Morris, in his order granting LaForge permission to proceed *in forma pauperis*, interpreted LaForge's complaint as alleging "that Defendants, a number of Crow Tribal Court officials, wrongfully entered judgment to remove his modular home from his trust land." (Doc. 8 at 2.)

LaForge cited as the basis for federal jurisdiction "Constitutional Rights, Disability Act, Treaty Rights, and Civil Rights," though he did not cite to any particular constitutional provision or statute.  (Doc. 9 at 6.)

Defendant Natasha J. Morton ("Morton") individually, and defendants Leroy Not Afraid and Sheila Wilkinson Not Afraid together (collectively, the "Judicial Defendants"), filed motions to dismiss LaForge's complaint for, *inter alia*, failure to state a claim upon which relief can be granted.  (Docs. 11, 20.)  The undersigned entered Findings and Recommendations of United States Magistrate Judge ("F&R") on December 28, 2017, recommending that Judge Morris grant the defendants' motions to dismiss without prejudice.  (Doc. 30.)  On February 9, 2018, Judge Morris adopted the F&R in all respects, except that he granted dismissal of the Judicial Defendants with prejudice.  (Doc. 33.)  Pertinent to the instant Motion, Judge Morris warned LaForge "that failure to correct the deficiencies identified in Judge Cavan's [F&R] in any amended pleadings will result in dismissal with prejudice of the remainder of [LaForge's] claims."  (*Id*. at 6.)

On February 2, 2018, well after entry of the F&R but before Judge Morris's order, LaForge filed the instant Motion.  In addition to several pieces of "evidence" of unclear relevance, the Motion contains the following original pleading:

/ / /

2

Your Honor,

In consideration of my case against the defendants:
Chief Judge Leroy Not Afraid, Ass[.] Judge Sheila Not Afraid, Att. Natasha Morton, Janice Gets Down []
So much corruption going on in the tribal system.  The Judges favor Lawyers [sic] that they choose, [I] was not given due process of the law, they all conspired in the illegal removal of my home that sits on my trust land.

(Doc. 32-1 at 19.)

Morton has filed a response to LaForge's Motion.  (Doc. 34.) Morton contends she is unsure whether to respond to the Motion as an objection to the Court's F&R, or as an attempt to amend his complaint.  If it is the former, Morton correctly observes that it would not be timely, and does not comply with the requirements for a proper objection under the local rules.  If it is the latter, Morton contends that the amended pleading should be dismissed because it fails to state a claim upon which relief can be granted.  Morton also requests that the case be dismissed with prejudice for the failure to comply with Judge Morris's previous order.

The Court is also uncertain as to LaForge's intention in filing the Motion.  If it were construed as an objection to the Court's F&R, it would be subject to denial based on timeliness, and would also be moot based on Judge Morris's subsequent review and decision on the F&R.  Therefore, the Court will liberally construe the motion as an attempt to amend LaForge's complaint.

## II.    Legal Standard

### A.    Fed. R. Civ. P. 12(b)(6)

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." [1]  *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)).

The Court evaluates Rule 12(b)(6) motions to dismiss in light of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  While "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citations omitted).  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations and citations omitted).  "Nor does a complaint

---

[1] Though Morton did not specifically raise Rule 12(b)(6) in her response, she argues at length that LaForge's amended complaint fails to state a claim against her.  (Doc. 34 at 6-10.)  Moreover, the Court "has authority to raise *sua sponte* the issue of a Complaint's failure to state a claim upon which relief can be granted." *Credit One Bank, N.A. v. Bennett*, 2013 WL 12147577 (C.D. Cal. Oct. 29, 2013).

suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"
*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (citing *Twombly*, 550 U.S. at 570).  A claim is plausible on its face when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  The claim need not be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  Facts that are "merely consistent with" a defendant's liability fall short of this standard.  *Id.*  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  *Id.* at 679.

The Court's review of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is generally confined to the pleadings.  *Ritchie*, 342 F.3d at 907; *U.S. v. Corinthian Colleges*, 655 F.3d 984, 998 (9th Cir. 2011).  However, the Court also may consider documents attached to the pleadings, and may consider documents incorporated into the pleadings by reference.  *Ritchie*, 342 F.3d at 908.  Documents may be incorporated by reference into the pleadings where "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3)

no party questions the authenticity of the document." *Corinthian Colleges*, 655 F.3d at 999.

### B. Fed. R. Civ. P. 41(b)

Rule 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order[.]" Even though the rule states that a defendant may move for dismissal under the specified circumstances, it is well-settled that the Court may dismiss a case on its own motion without awaiting a defense motion. *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

In considering dismissal under Rule 41(b), a court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002), *cert. denied*, (2003) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

## III. Discussion

### A. Amendment of Complaint

As the Court explained in its F&R, and as Judge Morris affirmed in his order adopting the F&R, LaForge's original complaint failed to state a sufficient claim

against Morton or the Judicial Defendants, and therefore has been dismissed with respect to those defendants. The claims against the Judicial Defendants have been dismissed with prejudice, so they are no longer parties to this case. The claims against Morton were dismissed without prejudice; but in order to revive any claims against her, LaForge was required to file an amended complaint curing the defects the Court identified in his complaint. Otherwise, the claims against Morton also will be dismissed with prejudice.

As set forth above, LaForge asserts as follows in the instant Motion: "So much corruption going on in the tribal system. The Judges favor Lawyers [sic] that they choose, [I] was not given due process of the law, they all conspired in the illegal removal of my home that sits on my trust land." (Doc. 32-1 at 19.) Like his original Complaint, LaForge's amended complaint fails to state a claim upon which relief may be granted and must be dismissed under Rule 12(b)(6) for the following reasons.

First, the "Judges" are no longer party to this case, so LaForge's allegations against them are not cognizable. (*See* Doc. 33.)

Next, to the extent that LaForge alleges he "was not given due process of the law," the Court has previously explained that Morton is "not a person against whom LaForge can assert a [42 U.S.C. § 1983] or [*Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971)] claim for deprivation of

any civil or constitutional right." (Doc. 30 at 10.)  LaForge does not provide any basis for the Court to reconsider that conclusion.  Accordingly, the Court finds that LaForge has failed to state a claim for violation of any due process right.

That leaves LaForge's claim that "they all conspired in the illegal removal of my home that sits on my trust land." (Doc. 32-1 at 19.)  This is the only allegation in the Motion that constitutes a novel claim, as LaForge's original Complaint did not raise any allegation of conspiracy.  Nevertheless, this claim, too, must fail.

A private individual may "be liable under § 1983 if she conspired or entered joint action with a state actor." *Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (quoting *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002)).  A joint action may exist where a state becomes interdependent with a private actor, and accepts the benefits of the private actor's conduct.  *Kirtley*, 326 F.3d at 1093.

LaForge alleges that Morton was involved in a conspiracy.  He contends she conspired with other individuals "in the illegal removal of [his] home that sits on [his] trust land."  The Court will liberally construe this allegation as the violation of some civil or constitutional right, redressable under § 1983.

To state a viable claim of a conspiracy to violate a plaintiff's constitutional rights under § 1983, "the plaintiff must [allege] specific facts to support the existence of the claimed conspiracy." *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989) (citation omitted).  The allegations "must 'demonstrate the

existence of an agreement or meeting of the minds' to violate constitutional rights." *Crowe*, 608 F.3d at 440 (quoting *Mendocino Environmental Center v. Mendocino County*, 192 F.3d 1282, 1301 (9th Cir. 1999)).  Although it is not necessary that each participant in the conspiracy know the details of the conspiracy, a plaintiff must allege that each participant "at least share[s] the common objective of the conspiracy" – the objective to engage in unconstitutional conduct.  *Id.*, 608 F.3d at 440 (quoting *United Steelworkers of America v. Phelps Dodge Corp.,* 865 F.2d 1539, 1541 (9th Cir. 1989) (en banc)).

LaForge's allegations are insufficient to satisfy the standard for stating a viable conspiracy claim.  LaForge does not plead any specific supporting factual matters which make it plausible to believe that a conspiracy existed.  Rather, his allegations simply allege that Morton "conspired" with the Judicial Defendants and LaForge's ex-wife to remove his home.  LaForge does not plead any facts to support these conclusory assertions.

Conclusory allegations of a conspiracy are not sufficient to support a claim for state action and a violation of constitutional rights under § 1983.  *Woodrum v. Woodward County, Oklahoma*, 866 F.2d 1121, 1126 (9th Cir. 1989).  Specifically, private attorneys – such as Morton – are not state actors, and conclusory allegations of an attorney's involvement in a conspiracy seeking to establish state action are insufficient.  *Simmons v. Sacramento County Superior Court*, 318 F.3d

9

1156, 1161 (9th Cir. 2003).  An attorney's role in representing a client in civil litigation and "[i]nvoking state legal procedures does not constitute 'joint action' or 'conspiracy' with state officials sufficient to satisfy section 1983's state action requirement."  *Schucker v. Rockwood*, 846 F.2d 1202, 1205 (9th Cir. 1988).  As in his original complaint, LaForge does not identify any specific conduct on Morton's part that would support any allegation he has made against her.

For the foregoing reasons, LaForge's conclusory allegations against Morton are insufficient to state a claim against her as a matter of law and must be dismissed.  *See Spreadbury v. Bitterroot Public Library*, 2011 WL 4499043, *5-7 (D. Mont. July 21, 2011).  Additionally, because the Court has already dismissed LaForge's claims against Morton once without prejudice, and because LaForge's amended complaint still has not set forth any facts that would support a determination that Morton could be liable for any claim LaForge has alleged, the Court finds that dismissal of the amended complaint should be with prejudice and without leave to amend a second time.

### B.    Dismissal under Rule 41(b)

Dismissal with prejudice is also appropriate under Fed. R. Civ. P. 41(b).  As explained above, Judge Morris warned LaForge that failure to file a sufficient amended complaint would result in the dismissal with prejudice of his remaining claims.  LaForge has not attempted to comply with Judge Morris's directive since

the entry of that order.  Therefore, the Court may dismiss the amended complaint with prejudice under Rule 41(b) for LaForge's failure to comply with the Court's previous order.

As discussed above, in considering dismissal under Rule 41(b), a court must weigh the following five factors:

### 1.  Expeditious Resolution

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1990). Here, LaForge has provided no basis for the Court to conclude that he will be able to allege any viable claim against Morton, even after the Court explained to him the specific deficiencies in his prior complaint.  This factor weighs in favor of dismissal.

### 2.  Docket Management

"The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d at 642 (*citing Yourish*, 191 F.3d at 990).  As noted by the Ninth Circuit, "[i]t is incumbent upon us to preserve the district courts' power to manage their docket without being subject to the endless vexatious noncompliance of litigants . . . ."  *Ferdik*, 963 F.2d at 1261.

11

Litigants who do not prosecute their cases and do not obey the Court's orders disrupt the Court's handling of other matters by consuming time and resources needed by litigants who responsibly manage their cases.  The Court cannot manage its docket if a party ignores Court orders and fails to communicate with the Court.

LaForge has been given ample time to comply with the Court's order to file an amended complaint that complies with the applicable pleading standards.  He has failed to do so.  This factor weighs in favor of dismissal.

### 3.      Prejudice to Defendants

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case."  *Pagtalunan*, 291 F.3d at 642 (*citing Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).

Morton contends that she is prejudiced both by LaForge's failure to respond to her motions, and by his unclear and non-specific allegations, which require her to guess at the precise claims LaForge is alleging.  (Doc. 34 at 14-15.)  The Court agrees.  The Court also finds that it would result in undue prejudice to force Morton to remain in this case, simply awaiting the unlikely result that LaForge eventually files a sufficient claim against her.  Accordingly, the Court finds this factor weighs in favor of dismissal.

### 4.      Alternatives

"[W]arning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the 'consideration of alternatives' requirement." *Malone*, 833 F.2d at 132.  Here, the Court attempted the less-drastic measure of dismissing LaForge's claims against Morton without prejudice.  Judge Morris's order to that end specifically warned LaForge that failure to correct his deficient Complaint would result in dismissal with prejudice of his remaining claims.  (Doc. 33 at 6.)

The Court understands its obligations to *pro se* litigants and has endeavored to fulfill them in this case.  LaForge was given a second opportunity to file a sufficient complaint, and he has failed to do so.  This factor weighs in favor of dismissal.

### 5.      Disposition on the Merits

Finally, public policy favors the disposition of cases on their merits. *Pagtalunan*, 291 F.3d at 643 (*citing Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).  Dismissal for failure to state a claim upon which relief may be granted is a disposition on the merits.  *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002).  Accordingly, this factor also weighs in favor of dismissal.

///

13

## IV.    Conclusion

Based on the foregoing, **IT IS RECOMMENDED** that:

(1)    The Court deem LaForge's Motion to File Evidence as a motion to amend his complaint, and that said motion be granted; and

(2)    The Court grant Morton's request to dismiss the amended complaint against her with prejudice.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of United States Magistrate Judge upon the parties.  The parties are advised that, pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court, and copies served on opposing counsel, within fourteen (14) days after entry hereof, or objection is waived.

DATED this 4th day of May, 2018.

_____

TIMOTHY J. CAVAN
United States Magistrate Judge