# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| MICHAEL F. LAFORGE, <br><br> Plaintiff, <br><br> vs. <br><br> JANICE GETS DOWN, NATASHA J. MORTON, LEROY NOT AFRAID, SHEILA WILKINSON NOT AFRAID, <br><br> Defendants. | CV-17-48-BLG-BMM-TJC <br><br><br> **ORDER** |

Plaintiff Michael LaForge, proceeding pro se, filed his Complaint on May 5, 2017. LaForge seeks relief against defendants for a divorce decree entered by the Crow Tribal Court. The divorce decree divides property between LaForge and his ex-wife, Defendant Janice Gets Down. Defendant Natasha Morton served as attorney for Gets Down in the underlying divorce action.

Morton filed a motion to dismiss for failure to state a claim (Doc. 11) and a motion to dismiss for lack of prosecution (Doc. 16). Leroy Not Afraid and Sheila Wilkinson Not Afraid (collectively "Judicial Defendants") serve as Crow Tribal

1

Court Judges. Judicial Defendants filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim (Doc. 20).

United States Magistrate Judge Timothy Cavan entered Findings and Recommendations on December 28, 2017, recommending that the Court grant the defendants' motions to dismiss without prejudice. (Doc. 30.) The Court adopted the Findings and Recommendations in all respects, except the Judicial Defendants were granted dismissal with prejudice. (Doc. 33.) The Court warned LaForge "that failure to correct the deficiencies identified in Judge Cavan's Findings and Recommendations in any amended pleadings will result in dismissal with prejudice of the remainder of his claims." *Id.* at 6.

On February 2, 2018, well after entry of the initial Findings and Recommendations but before the Court's order, LaForge filed a Motion to File Evidence (Doc. 32). Morton timely filed a response to the motion and request for dismissal with prejudice on February 9, 2018 (Doc. 34).

Judge Cavan entered Findings and Recommendations in this matter on May 4, 2018. (Doc. 35.) Neither party filed objections. When a party makes no objections, the Court need not review *de novo* the proposed Findings and Recommendations. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1986). The Court will review Judge Cavan's Findings and Recommendations, however, for clear error.

*McDonnell Douglas Corp. v. Commodore Bus. Machs. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

I. **Amendment of Complaint**

Judge Cavan determined that LaForge's amended complaint fails to state a claim for violation of any due process right. (Doc. 35 at 8.) In order to state a claim for damages under 42 U.S.C. § 1983, a complaint must allege that (1) a person acting under the color of state law committed the conduct complained of, and (2) this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981) (overruled on other grounds). The Court previously determined that Morton, serving as counsel for a private party, never acted under the color of state or federal law. (Doc. 33 at 2-3.) Judge Cavan correctly determined that LaForge has failed to provide any basis for the Court to reconsider that conclusion. (Doc. 35 at 8.) LaForge cannot assert a § 1983 claim against Morton.

Judge Cavan further determined that LaForge's allegations prove insufficient to satisfy the standard for stating a viable conspiracy claim. *Id.* at 9. A private individual may "be liable under § 1983 if she conspired or entered joint action with a state actor." *Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (quoting *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002)). Conclusory allegations of a conspiracy fail to support a claim for state action and a violation of

constitutional rights under § 1983. *Woodrum v. Woodward County, Oklahoma*, 866 F.2d 1121, 1126 (9th Cir. 1989).

Judge Cavan determined that LaForge did not plead any specific supporting factual matters that make it plausible to believe that a conspiracy existed. (Doc. 35 at 9.) The Court agrees. LaForge fails to plead any facts to support his conclusory assertions. Like the original Complaint, the amended complaint fails to set forth any facts that would support a determination that Morton could be liable for any claim LaForge has alleged. The Court dismisses the amended complaint with prejudice and without leave to amend a second time.

## II. Dismissal under Rule 41(b)

Judge Cavan determined that dismissal with prejudice would be appropriate under Fed. R. Civ. P. 41(b). *Id.* at 10. As explained above, the Court warned LaForge that failure to file a sufficient amended complaint would result in the dismissal with prejudice of his remaining claims. Judge Cavan determined that the Court may dismiss the amended complaint with prejudice under Rule 41(b) for LaForge's failure to comply with the Court's previous order. *Id.* at 11.

In considering dismissal under Rule 41(b), a court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on

their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)). Judge Cavan determined that all five factors weighed in favor of dismissal. (Doc. 35 at 11-13.) The Court agrees.

Regarding the first two factors, LaForge has provided no basis for the Court to conclude that he will be able to allege any viable claim against Morton. The Court has given LaForge ample time to correct the deficiencies in his prior complaint. He has failed to do so.

The Court further agrees that it would result in undue prejudice to force Morton to remain in this case, simply awaiting the unlikely result that LaForge eventually files a sufficient claim against her. *Id.* at 12. Regarding the fourth factor, the Court attempted the less-drastic measure of dismissing LaForge's claims against Morton without prejudice. The Court provided LaForge a second opportunity to file a sufficient complaint, and he has failed to do so. Finally, the fifth factor also weighs in favor of dismissal. Dismissal for failure to state a claim upon which relief may be granted constitutes a disposition on the merits. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002).

III. **Conclusion**

The Court has reviewed Judge Cavan's Findings and Recommendations for clear error. The Court will adopt Judge Cavan's Findings and Recommendations.

**IT IS ORDERED** that Judge Cavan's Findings and Recommendations (Doc. 35), are **ADOPTED IN FULL**.

**IT IS ORDERED** that LaForge's Motion to File Evidence (Doc. 32), is construed as a motion to amend LaForge's Complaint. This motion is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Natasha Morton's Request for Dismissal With Prejudice (Doc. 34) is **GRANTED**.

DATED this 18th day of June, 2018.

_____
Brian Morris
United States District Court Judge