IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MICHAEL F. LAFORGE,<br><br>              Plaintiff,<br><br>vs.<br><br>JANICE GETS DOWN, NATASHA S. MORTON, LEROY NOT AFRAID, SHELIA WILKENSON NOT AFRAID,<br><br>              Defendants. | CV 17-48-BLG-BMM-TJC<br><br>**FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Plaintiff Michael LaForge, proceeding pro se, filed this action on May 5, 2017. (Doc. 9.) Plaintiff sought relief against several defendants relating to a divorce decree entered by the Crow Tribal Court. Plaintiff sued his ex-wife, Janice Gets Down, Gets Down's attorney, Natasha Morton, and Crow Tribal Court Judges, Leroy Not Afraid and Sheila Wilkinson Not Afraid (the "Judicial Defendants"). (*Id.*) The Judicial Defendants and Morton have been dismissed from this action with prejudice. (*See* Docs. 33, 36.)

Because it did not appear that Plaintiff had ever served Gets Down, the Court ordered Plaintiff to show cause, in writing why this case should not be dismissed for failure to effect service as required by Fed. R. Civ. P. 4. (Doc. 37.) In response, Plaintiff filed a "Motion to File Evidence," which consists of

1

photocopies of envelopes addressed to Gets Down. (Doc. 38.) The envelopes indicate that the letters were returned to Plaintiff as undeliverable on June 6, 2017 and November 30, 2017, respectively. (*Id.*) Plaintiff does not explain whether any other efforts were made to locate or serve Gets Down. Based on the information before the Court, it does not appear that Plaintiff effected valid service on Gets Down. *See* Fed.R.Civ.P. 4(c), (e). Nevertheless, because Plaintiff is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915, the Court must assist with service. *See* 28 U.S.C. § 1915(d); *Puett v. Blandford,* 912 F.2d 270, 275 (9th Cir. 1990). Before the Court directs service, however, the Court finds it prudent to consider the adequacy of the claims against Gets Down.

"'A trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim . . . .'" *Sparling v. Hoffman Const. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988) (quoting *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981). The Court may dismiss a claim *sua sponte* under Fed.R.Civ.P. 12(b)(6) without notice where the plaintiff cannot possibly obtain relief. *Sparling*, 864 F.2d at 638; *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th

Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)).

Plaintiff's original Complaint was dismissed for failure to state a claim. (Doc. 33.) The dismissal was with prejudice as to the Judicial Defendants and without prejudice as to Morton. (*Id.*) Plaintiff was permitted leave to amend, and on February 2, 2018, Plaintiff filed a "Motion to File Evidence" which was construed as an Amended Complaint. (Docs. 32, 35.) The filing consisted of a letter from the Regional Director of the BIA to the Crow Tribal Chairman, an attached report regarding the Crow Tribal Court's compliance with a P.L. 93-638 contract, and Plaintiff's handwritten statement consisting of a single paragraph:

> So much corruption going on in the tribal system. [T]he Judges favor lawyers that they choose, [I] was not given due process of the law, they all conspired in the illegal removal of my home that sits on my trust land.

(Doc. 32-1.)

The Court determined the Amended Complaint again failed state a claim for relief, and therefore, dismissed the claims against Morton with prejudice. (Doc. 36.) The Court did not consider whether the Amended Complaint was sufficient to state a claim against Gets Down because she had not appeared in the case.

The Court now finds the Amended Complaint fails to state a claim against Gets Down. Construing the Amended Complaint liberally, the Court

3

finds Plaintiff has asserted the following potential claims against Gets Down: (1) a claim for violation of due process under 42 U.S.C. § 1983 and (2) a conspiracy claim.[1]

## I. § 1983 Claim

First, Plaintiff alleges he was not given due process of law. Section 1983 "creates a civil cause of action against a person who, under color of any statute, ordinance, regulation, custom, or usage, of any State deprives another person of any of their rights, privileges, or immunities secured by the Constitution and laws." *Gates v. Alameda County Sheriff's Dept.*, 2012 WL 3537040, *3 (N.D. Cal. Aug. 14, 2012). "In order to state a claim for damages under § 1983, a complaint must allege that (1) 'the conduct complained of was committed by a person acting under color of state law,' and that (2) 'this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Id.* (quoting *Parratt v. Taylor*, 451 U.S. 527, 535, (1981) (overruled on other grounds)).

In the present case, Gets Down, a private party, was not, by mere virtue of

---

[1] To the extent Plaintiff's claims against Gets Down might be construed as a challenge to the divorce decree, the Court lacks jurisdiction to hear the claims under the domestic relations doctrine. The domestic relations doctrine is an exception to federal subject matter jurisdiction and diversity jurisdiction for matters concerning divorce, alimony and child custody. *See Ex parte Burrus*, 136 U.S. 586 (1890); *Barber v. Barber*, 62 U.S. 582 (1858).

being a party to a divorce proceeding in tribal court, acting under color of state or federal law. Accordingly, she is not a person against whom Plaintiff can assert a § 1983 claim for deprivation of any due process right. *See e.g., Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) (private parties generally do not act under color of state law for § 1983 purposes); *Briscoe v. LaHue,* 460 U.S. 325, 329-30 (1983) (private party's testimony in court is not an act performed under color of state law); *Read v. Klein*, 1 Fed. Appx. 866, 871-872 (10th Cir. Jan. 9, 2001) (holding the plaintiff's ex-wife was not a state actor merely because she obtained orders from a state court judge in a divorce proceeding); *Harvey v. Harvey*, 949 F.2d 1127, 1133-34 (11th Cir. 1992) ("Use of courts by private parties does not constitute an act under color of state law."); *Kilat v. Kilat*, 2010 WL 3860643 at *2 (N.D. Ohio Sept. 28, 2010) (dismissing the plaintiff's § 1983 due process claim against his ex-wife arising out of a divorce proceeding because she was "a private party and could not have been acting under color of state law").

The Court therefore finds Plaintiff cannot state a viable claim for violation of any due process right against Gets Down.

## II. Conspiracy Claim

Plaintiff also alleges that Gets Down was involved in a conspiracy to illegally remove his home that sits on his trust land. (Doc. 32-1.)

5

A private individual may "be liable under § 1983 if she conspired or entered joint action with a state actor." *Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (quoting *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002)). To state a claim of a conspiracy to violate a plaintiff's constitutional rights under § 1983, "the plaintiff must [allege] specific facts to support the existence of the claimed conspiracy." *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989) (citation omitted). The allegations "must 'demonstrate the existence of an agreement or meeting of the minds' to violate constitutional rights." *Crowe*, 608 F.3d at 440 (quoting *Mendocino Environmental Center v. Mendocino County*, 192 F.3d 1282, 1301 (9th Cir. 1999)). Conclusory allegations of a conspiracy are insufficient. *Woodrum v. Woodward County, Oklahoma*, 866 F.2d 1121, 1126 (9th Cir. 1989).

Here, Plaintiff's allegations do not satisfy the standard for stating a viable conspiracy claim. Plaintiff fails to plead any specific supporting factual matters which make it plausible to believe that a conspiracy existed. Rather, his allegations simply state that Gets Down "conspired" with the Judicial Defendants and her attorney to remove his home. But "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Dennis v. Sparks*, 449 U.S. 24, 28 (1980 ).

As such, Plaintiff's conclusory allegations against Gets Down are insufficient to state a claim against her as a matter of law and should be dismissed. *See Spreadbury v. Bitterroot Public Library*, 2011 WL 4499043, *5-7 (D. Mont. July 21, 2011).

### III.  Dismissal With Prejudice

Plaintiff was previously granted leave to amend to cure the deficiencies noted with his original Complaint. (Doc. 33.) Plaintiff was specifically advised that the failure to correct the deficiencies in any amended pleadings would "result in dismissal with prejudice of the remainder of his claims." (*Id.* at 6.) As the Court discussed with regard to Morton, Plaintiff's Amended Complaint failed to set forth any facts that would support a determination that Morton could be liable for any claim Plaintiff has alleged. (Doc. 36.) Plaintiff's claims against Morton are identical to his claims against Gets Down. Thus, for the same reasons the Court dismissed the claims against Morton with prejudice, the Court recommends that the claims against Gets Down be dismissed with prejudice and without leave to amend. (*See* Doc. 36 at 4-5.)

### IV.  Conclusion

Based on the foregoing, **IT IS RECOMMENDED** that the Court dismiss the claims against Defendant Janice Gets Down with prejudice, and enter final judgment in this matter.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of United States Magistrate Judge upon the parties. The parties are advised that, pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court, and copies served on opposing counsel, within fourteen (14) days after entry hereof, or objection is waived.

**IT IS ORDERED**.

DATED this 28th day of May, 2019.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge